**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 11-4649**

—————————

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

DERRICK ALAN MCCASKEY,

　　　　　　　Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.　Terrence W. Boyle, District Judge.　(2:10-cr-00016-BO-1)

—————————

Argued: January 30, 2013　　　　　　Decided:　April 5, 2013

—————————

Before TRAXLER, Chief Judge, and GREGORY and DUNCAN, Circuit Judges.

—————————

Affirmed in part; vacated in part by unpublished opinion. Judge Gregory wrote the opinion, in which Chief Judge Traxler and Judge Duncan joined.

—————————

**ARGUED:** Neal Gary Rosensweig, NEAL ROSENSWEIG, P.A., Hollywood, Florida, for Appellant.　Yvonne Victoria Watford-McKinney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.　**ON BRIEF:** Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

GREGORY, Circuit Judge:

Derrick Alan McCaskey received a combined sentence of 200 months' imprisonment following his guilty plea to one count of conspiracy and possession with intent to distribute drugs, in violation of 21 U.S.C. § 846, and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922. On appeal, McCaskey challenges the district court's compliance with the requirements of Federal Rule of Criminal Procedure 11, and notwithstanding the presence of an appeal waiver, asks us to consider the reasonableness of his sentence. For the reasons that follow, we affirm in part and vacate in part McCaskey's conviction and sentence.

I.

A.

As a result of extensive drug-related criminal activities, McCaskey was charged with multiple counts in a fifteen-count multi-defendant superseding indictment. Pursuant to a written plea agreement, McCaskey pled guilty to two counts--Count One, which charged him with conspiracy, and possession with intent, to distribute drugs, in violation of 21 U.S.C. § 846;[1] and Count

_____

[1] McCaskey was held accountable for a drug amount with a total marijuana equivalency of 8,556 kilograms. The actual drugs consist of cocaine base (crack), dihydrocodeinone (Continued)

3

Fourteen, which charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922. In turn, the Government agreed to dismiss six other drug charges against McCaskey. The written plea agreement contained an express waiver of McCaskey's right to appeal the sentence imposed by the district court.[2]

At the plea hearing required by Rule 11, McCaskey was represented by counsel, and informed the court that he discussed his case with his counsel and was satisfied with his counsel's representation. McCaskey told the court that he was 22 years old and had obtained a GED. The district court confirmed that McCaskey had read the plea agreement and had spoken with his

---

(Vicodin), 3,4-methylenedioxymethamphetamine (MDMA or ecstasy), and marijuana.

[2] The waiver provision in the plea agreement states:

> The Defendant agrees . . . [t]o waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

counsel about the agreement. The court summarized the charges in the superseding indictment and the maximum penalties for each count. The court also summarized the terms of the plea agreement and advised McCaskey of the rights he would forfeit by pleading guilty--the right to have his case tried by a jury, the right at trial to confront and cross-examine the witnesses against him, and the waiver of these rights if the court accepts the plea. McCaskey responded that he understood he was giving up these rights. McCaskey denied that "anyone threatened [him] or forced [him] to [plead guilty]," and affirmed that he was "voluntarily" pleading guilty. The district court did not expressly ascertain whether McCaskey understood the implications of the appeal waiver in the plea agreement. The court heard from the Government the facts supporting Counts One and Fourteen, found that there was a factual basis for the plea, and that the plea was voluntary. Consequently, the court accepted McCaskey's plea as to Counts One and Fourteen, and dismissed the other charges against him.

Subsequently, a presentence investigation report was prepared which calculated McCaskey's applicable Sentencing Guidelines range based on a total offense level of 33 and a criminal history category of VI as 188 to 235 months' imprisonment, with a statutory maximum of 120 months on Count Fourteen. At the sentencing hearing, the district court

5

sentenced McCaskey to a total term of imprisonment of 200 months consisting of 200 months' imprisonment on Count One and a concurrent 120-month sentence on Count Fourteen.

B.

McCaskey timely appealed arguing that: (1) his plea was not intelligent, knowing, and voluntary because the district court failed to comply with the procedural requirements of Rule 11, and in tandem, the appeal waiver in the plea agreement is unenforceable; and (2) that his total 200-month sentence is unreasonable. The Government moved to dismiss the appeal, arguing that McCaskey's plea was knowing and voluntary and his sentencing challenge fell within the scope of the waiver of his right to appeal contained in the plea agreement.

McCaskey filed an opposition to the motion to dismiss and moved to file a supplemental brief. He argued that the record failed to establish that he had previously been convicted for a crime punishable by a term of imprisonment of more than one year. Consequently, McCaskey argued, in light of our recent decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), he could not have been convicted of being a felon in possession of a firearm. He asserted the guilty plea was invalid and that the waiver did not bar his appeal. The Government did not oppose the request for supplemental briefing.

6

We granted leave to file the supplemental brief, but deferred ruling on the Government's motion to dismiss, directing the Government to respond to the merits of the appeal. In the Government's response on the merits, it repeated its arguments in the motion to dismiss, but conceded that pursuant to Simmons, McCaskey's conviction and sentence as to Count Fourteen must be vacated. We now reach the merits of the appeal and have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

We first address the adequacy of the Rule 11 hearing, then we turn to the enforceability of the appeal waiver, and lastly, in light of the Government's concession, we consider the merits of the appeal as to Count Fourteen. Since McCaskey did not seek to withdraw his guilty plea in the district court, he did not preserve the errors as to the adequacy of the Rule 11 hearing and the enforceability of the plea waiver, thus our review is for plain error. United States v. Hairston, 522 F.3d 336, 341 (4th Cir. 2008); United States v. Martinez, 277 F.3d 517, 527 (4th Cir. 2002). To satisfy the plain error standard, McCaskey must show: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights. See United States v. Olano, 507 U.S. 725, 732 (1993). In addition, we need not exercise discretion to correct the error "unless the error

7

seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and alterations omitted).

A.

At a required Rule 11 hearing, the district court must "inform the defendant of, and ensure that he understands, the nature of the charges against him and the consequences of his guilty plea." Hairston, 522 F.3d at 340 (citing United States v. Damon, 191 F.3d 561, 564 (4th Cir. 1999)). To ensure a plea is voluntary, a district court "must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." Fed. R. Crim. P. 11(b)(2). Among other things, the district court must advise and question the defendant regarding his right to a jury trial, right to confront the witnesses against him, the nature of each charge to which the defendant is pleading, and any maximum penalty the defendant faces. Fed. R. Crim. P. 11(b).

Applying these principles, upon review of the totality of the circumstances in the record, we conclude that the district court substantially complied with the requirements of Rule 11, and McCaskey knowingly and voluntarily pled guilty to Counts One and Fourteen of the superseding indictment. McCaskey contends otherwise, arguing that the district court failed to: mention

8

the waiver of his right to have a jury determine the existence and applicability of his prior convictions; inform him that any estimate of his sentence is not binding; advise him the court would take the advisory guidelines into account; and apprise him that relevant conduct would be considered in determining his sentence. Even assuming the district court erred by failing to act as McCaskey specifies, the court's omissions did not affect McCaskey's substantial rights because under the state of the law at the time of the hearing, the record supports McCaskey's convictions for Counts One and Fourteen.

McCaskey makes much of the fact that had the district court complied with his version of the requirements of Rule 11, he would not have pled guilty to Count Fourteen, a charge for which he could not presently be convicted. McCaskey overlooks the fact that at the time of the hearing, when McCaskey pled guilty to being a felon in possession of a firearm, there was no indication that the facts did not support the conviction. The district court operated in a pre-Simmons world, where under United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005), a federal defendant could be convicted of being a felon in possession of a firearm, even though none of his prior state convictions amounted to a "felony"--a crime punishable by more than one year imprisonment. Thus, at the time, even if the district court's compliance with Rule 11 was defunct, the

9

omissions did not affect McCaskey's substantial rights because under the then state of the law, he could have been convicted of being a felon in possession of a firearm. Accordingly, we conclude that based on the totality of the circumstances, even assuming the district court failed to comply with the requirements of Rule 11, the omissions did not affect McCaskey's substantial rights and his plea was entered voluntarily.

### B.

We also find that McCaskey knowingly and voluntarily waived his right to appeal the sentence imposed. We have held that an appeal "waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver." United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992) (citation omitted). The validity of a waiver is "'evaluated by reference to the totality of circumstances.'" United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (quoting United States v. General, 278 F.3d 389, 400 (4th Cir. 2002). If the waiver is knowing and intelligent, and the issue on appeal falls within the scope of the waiver, we will enforce the waiver. United States v. Pointdexter, 492 F.3d 263, 270 (4th Cir. 2007).

10

The record indicates that the district court failed to inquire expressly whether McCaskey understood the waiver provision. Nonetheless, we find that McCaskey fully understood the significance of the waiver. At the time of the plea hearing, McCaskey was a 22-year old with a GED. He informed the district court that he was able to read, write, speak and understand English. The written plea agreement as a whole, and particularly the appeal waiver, is clear. McCaskey and his counsel signed the written agreement acknowledging that he understood the terms of the plea and informed the district court that he understood the rights he was giving up. Thus, although the district court failed to inquire as to McCaskey's comprehension of the waiver, because we find that McCaskey fully understood the consequences of the waiver, and there is no indication that McCaskey would not have pled otherwise, we find that the error did not affect his substantial rights. Accordingly, the appeal waiver is valid.

McCaskey's challenge to the reasonableness of his sentence falls within the scope of the valid appeal waiver. In his plea agreement, McCaskey waived his right to appeal any sentence imposed by the district court that fell within the applicable guideline range. McCaskey's 200-month sentence on Count One falls within his advisory guideline range of 188 to 235 months' imprisonment, and the concurrent 120-month sentence on Count

11

Fourteen is the statutory maximum sentence. As McCaskey's sentence falls within the applicable guideline range, we hold that McCaskey waived his right to appeal the reasonableness of his sentence.

## C.

Notwithstanding the validity of the plea and enforceability of the appeal waiver, the Government seeks to enforce the appeal waiver selectively, conceding that Count Fourteen must be vacated, but seeking enforcement of the appeal waiver on Count One. We believe the Government can so proceed. See United States v. Brock, 211 F.3d 88, 90 n.1, 92 n.6 (4th Cir. 2000) (reviewing an argument that fell within the scope of a waiver, but refraining from reviewing another argument which also fell within the waiver because the Government sought enforcement as to the latter but not the former argument). In light of the Government's posture, we turn to the merits of the appeal of Count Fourteen.

Although the Government concedes that McCaskey's conviction and sentence must be vacated in light of our decision in Simmons, 649 F.3d 237, this concession does not necessarily end our inquiry, as we must satisfy ourselves that vacatur is warranted. See United States v. Rodriguez, 433 F.3d 411, 414 n.6 (4th Cir. 2006).

To qualify as a predicate offense under 18 U.S.C. § 922(g), for being a felon in possession of a firearm, the prior conviction must have been "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g). The predicate offenses for McCaskey's firearm count arise from a consolidated sentence of 6 to 8 months that McCaskey received in 2006 on three North Carolina convictions--breaking and entering a motor vehicle, possession with intent to sell and deliver marijuana, and manufacturing marijuana, in violation of North Carolina General Statutes §§ 14-56, 90-95. As stated in McCaskey's 2006 Judgment and Commitment, each of these offenses are Class I felonies, and because McCaskey was sentenced within the presumptive range, the maximum sentence he could have received was 8 months' imprisonment. Because the prior convictions fail to qualify as a prior felony for purposes of being a felon in possession of a firearm, we vacate McCaskey's conviction and sentence on Count Fourteen. We note that McCaskey's 200-month sentence on Count One is unaffected by this disposition because his 120-month sentence on Count Fourteen was to run concurrently with the sentence on Count One.

## III.

For the reasons stated above, we grant in part the Government's motion to dismiss the appeal as it relates to Count

13

One, but deny it as to Count Fourteen.  Additionally, we affirm McCaskey's sentence on Count One, but vacate his conviction and sentence as to Count Fourteen.

<u>AFFIRMED IN PART;</u>
<u>VACATED IN PART</u>